UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JONATHAN CHARBONNEAU, et al.,

Plaintiffs,

v.

BANANA JOE'S OF MINNESOTA, et al.,

Defendants.

CIVIL NO. 02-419 (DWF/JSM)

ORDER FOR
SETTLEMENT CONFERENCE

A settlement conference will be held on May 24, 2004 at 9:30 a.m. in Courtroom 628B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, before the undersigned United States Magistrate Judge. All participants should plan on spending the entire day and evening, if necessary, at this settlement conference.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. If individuals are parties to this case, they must be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another on or before May 14, 2004 to engage in a full

and frank discussion of settlement. If the case does not settle, each attorney shall submit to the undersigned on or before May 17, 2004 a confidential letter setting forth (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; (5) a reasoned analysis of the strengths and weaknesses of their client's case; and (6) a reasoned analysis justifying their client's last stated settlement position, as well as any additional information believed to be helpful to the process of reaching agreement. This letter is for the Court's use only and should not be served on opposing counsel.

Failure of any party or insurance company to comply with any part of this Order may result in the postponement of the settlement conference and imposition of an appropriate sanction on the party, company or attorney who failed to comply.

Dated: April 8, 2004

*/s Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge